Whaley, Judge,
delivered the opinion:
The plaintiff is suing to recover the sum of $1,814.57, being the amount of interest returned by it to certain of its stockholders in the year 1925, having been paid by the said stockholders on certain demand promissory notes bearing interest at the rate collected.
It is contended by the plaintiff that the amount returned to its stockholders was an ordinary and necessary business expense and deductible from its gross income for that year. The plaintiff was the owner of the capital stock of the Porter Company. It sold to a certain number of its stockholders a certain number of shares of the Porter Company common stock at par and took in payment therefor the demand promissory notes of each stockholder, and these notes were secured by the assignment of the shares of stock of the Porter Company as collateral for the payment of the notes. The notes were in the ordinary form of collateral notes and bore interest at the rate of 6 per cent per annum, payable annually. The plaintiff kept its books on an accrual basis and made its tax return on the calendar-year basis. At the end of the calendar year 1921 there had accrued on the company’s books interest to that date in the sum of $13,875, and this amount was included in its taxable income for the year 1921. On January 1, 1922, these interest-bearing notes were canceled and noninterest-bearing notes were given in lieu thereof. Certain of the stockholders had protested, and continued to protest, that it was never intended the notes should carry interest, but the treasurer of the plaintiff, who was one of the originators of the plan to purchase this stock, not only paid the interest on his note, but insisted and required the other note makers to pay interest as called for in the notes. As the interest payments were made to' the plaintiff company, they were reported as income in its Federal tax return for the years in which the payments were *587 collected, and taxes were duly paid thereon. In January, 1925, more than two years after these interest-bearing notes had been canceled and the interest collected in cash, or by notes, the board of directors of plaintiff company passed a resolution directing that the interest be refunded to those stockholders who had paid it. This was done, either by payments in cash, or by cancellation of the notes given in payment of the interest. The plaintiff deducted from its gross income for the year 1925 the amount of the interest refunded. The Commissioner of Internal Revenue disallowed this deduction and by reason of its disallowance, assessed against and collected from the plaintiff an additional tax of $1,814.57. A claim for refund was filed and rejected.
The sole question in this case is whether the refunding of this interest is an ordinary and necessary expense or a “gratuity.” The makers of the notes were legally bound to pay the interest, and as it was collected it was entered on the books of the company as income and returned as part of the gross income of the company, and taxes were paid thereon. No question was made at that time that the collection of the interest was erroneous, or an illegal collection. If there had been any doubt as to the illegality of its payment, then the plaintiff overstated its income for the years in which the interest charges were collected by the amount of such interest, and could have filed a claim for overpayment for those years. This was not done, but, on the contrary, the company treated it as part of its income and returned it for taxation. In 1925 the board of directors refunded these interest charges to the makers of the notes. The resolution is silent as to any illegal collection, or any notation that the notes should not have carried interest, and indicates in no way that the interest had been improperly collected. After the passage of this resolution the treasurer of the company who had prepared the notes originally, and was one of those who paid the interest and was entirely familiar with the transaction from the mailing of the notes to the passage of the resolution, entered on the books of the company the refunding of this amount under the head of “gratuities.”
*588 The company was under no legal obligation to repay the interest collected as it had been legally collected under legal contracts entered into by the respective stockholders. It was under no moral obligation to refund this amount. It was a voluntary and gratuitous act. The taking of this amount out of the assets of the company and paying it over to certain stockholders by order of the board of directors could not in any way or any manner be construed as an ordinary and necessary expense paid or incurred in carrying on the trade or business. The record does not show that the company received any benefit as a consideration for this refundment. On the other hand those who purchased the stock and gave their notes did receive a benefit in that for years they did not have to pay any carrying charges on their notes given in payment for the stock. See Northwestern Cabinet Company v. Commissioner, 13 B. T. A. 533, and Dieckerhoff, Raffloer & Co. v. Commissioner, 17 B. T. A. 1251.
In our opinion, the commissioner was correct in holding that the return of the interest was not an ordinary and necessary business expense and deductible as such. The petition should be dismissed. It is so ordered.
Williams, Judge; Littleton, Judge; Green, Judge; and Booth, Chief Justice, concur.